IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

QUINCY LOVE,

   Petitioner,

v.

WARDEN FCI CUMBERLAND,

   Respondent.

Civil Action No.: ELH-21-2851

**MEMORANDUM OPINION**

Petitioner Quincy Love, a federal inmate proceeding without counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF 1 (the "Petition"). It is supported by a memorandum (ECF 1-1) and an exhibit. ECF 1-2. Love alleges that he is entitled to credit towards his federal sentence for time previously spent in state presentence custody.

Respondent, the warden of the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed an answer, arguing that the Petition should be denied. ECF 5 ("Answer"). The Answer is supported by exhibits, docketed collectively as ECF 5-1.

Petitioner submitted a "Reply" (ECF 8); Respondent filed a reply (ECF 9), and petitioner filed a surreply. ECF 10.[1]

Having reviewed the Petition, Answer, and related filings, the Court finds that no hearing is necessary. Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Local R. 105.6. For the reasons set forth below, the Court will dismiss the Petition, as moot.

---

[1] Respondent characterizes her filing as "Respondent's Reply To Petitioner's Response To Motion To Dismiss Or In The Alternative Motion For Summary Judgment." ECF 9. However, Respondent did not move for dismissal or summary judgment. *See* ECF 5. .

I.  **BACKGROUND**

Petitioner was in state custody in North Carolina for various pending criminal matters when, on June 29, 2018, he was temporarily taken into federal custody by writ of habeas corpus ad prosequendum. ECF 1-1 at 2–4; ECF 5 at 2–3. On February 11, 2019, he was sentenced by the United States District Court for the Western District of North Carolina, Case No. 3:18-cr-00178, to 60 months of incarceration and two years of supervised release for the offense of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). ECF 1-1 at 4–5; 5 at 3. The sentencing court was silent regarding whether the sentence was to run concurrent with or consecutive to any other sentence. ECF 5 at 3; ECF 8 at 3.

Petitioner was returned to North Carolina state custody on February 22, 2019, and a detainer was lodged for the federal sentence. ECF 1-1 at 5; 5 at 3–4. On March 6, 2019, Petitioner was sentenced in state court to an aggregate term of two years and eight months of incarceration for his state criminal cases. ECF 1-1 at 5; 5 at 4. The state sentencing court expressly ordered the state sentence to run concurrent with Petitioner's federal sentence. *Id.* After presentence credits of 592 days were applied, Petitioner satisfied his state sentence on June 21, 2019. He then entered federal custody to begin service of his federal sentence. *Id.*

In the Petition (ECF 1), Petitioner asserts that the Bureau of Prisons ("BOP") incorrectly calculated his federal sentence by declining to apply time that he spent in state presentence custody as a credit towards his federal sentence. ECF 1-1 at 6. In particular, he seeks credit for the period from June 29, 2018, when he was writted to federal court, to February 11, 2019, when he was sentenced in federal court. ECF 1-1 at 8. Petitioner concedes that this time was applied as a credit towards his state sentence, but he contends that it also qualifies towards his federal sentence under a narrow exception to double-counting that was announced in *Willis v. United States*, 438 F.2d 923

(5th Cir. 1971) (per curiam), and adopted as BOP policy in Program Statement 5880.28.  ECF 1-1 at 6–9; ECF 5 at 8.

In the Answer, Respondent argues that, as a matter of law, Petitioner's presentence state custody does not qualify to be applied to his federal sentence under the *Willis* exception, because Petitioner's sentences were not run concurrent—a condition for qualification under *Willis*.  ECF 5 at 6–9; *Taccetta v. Fed. Bureau of Prisons*, 606 F. App'x 661, 664 (3d Cir. 2015).

Respondent contends that the federal sentencing court's silence regarding whether the federal sentence was to run consecutive or concurrent is governed by 18 U.S.C. § 3584, which states, in relevant part: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  Moreover, Respondent maintains that, given the federal conviction, Love's sentence could not run concurrently because, by statute, Petitioner's sentence under 18 U.S.C. § 924(c)(1)(A)(i) precludes a concurrent sentence.  ECF 5 at 7.  Respondent points to the text of § 924(c)(1), which provides that a defendant shall "be sentenced to a term of imprisonment of not less than five years" and,

> [n]otwithstanding any other provision of law[,] . . . **no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person**, including any term of imprisonment imposed for the . . . drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924(c)(1) (formatting altered) (emphasis added); *see also United States v. Gonzales*, 520 U.S. 1, 11 (1997) ("[W]e hold that the plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal").

3

In his Reply (ECF 8), Petitioner argues that, by virtue of state law, the State sentencing court imposed a concurrent sentence, and no law barred the state judge from doing so. Therefore, he contends that he qualifies for the *Willis* exception to double-counting. *Id*.

On November 28, 2023, Petitioner was released from federal custody. *See* BOP, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp, last accessed Jan. 16, 2024.[2]

## II.  DISCUSSION

The material facts are not disputed by the parties. Instead, they present a legal question concerning the application of *Willis*. Petitioner's release from prison raises two threshold issues concerning federal jurisdiction and mootness. *See Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). Those issues must be addressed first.

### A.  Jurisdiction

"Federal courts may only take jurisdiction over a petition for a writ of habeas corpus when the prisoner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Bernard v. Garraghty*, 934 F.2d 52, 53–54 (4th Cir. 1991) (quoting 28 U.S.C. §§ 2241(c)(3), 2254(a)). Petitioner was incarcerated at the time he filed his § 2241 petition, which satisfies the "in custody" requirement of the statute. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) ("Spencer was incarcerated . . . at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires."). Petitioner is now serving his term of supervised release.

---

[2] Litigants have a continuing obligation to keep a current address on file with the Clerk of the Court during the pendency of their actions. *See* Local Rule 102.1.b.iii. To date, Petitioner has failed to notify the court of his new address since being released from incarceration and commencing his term of supervised release. Nevertheless, a court may "properly take judicial notice of matters of public record." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

The execution of a petitioner's supervised release constitutes custody for purposes of a § 2241 habeas petition. *Maleng v. Cook*, 490 U.S. 488 (1989); *U.S. v. Pregent*, 190 F.3d 279, 283 (1999). But, a petitioner's location impacts the identification of the proper respondent, as well as the jurisdiction of a court to decide the petition. Here, the location of petitioner's supervised release is not indicated in the record.

In plain terms, the immediate custodian of a petitioner is generally the party who must be named as the respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–42 (2004). The "'immediate custodian rule' is the default, and is 'general[ly] applicab[le] . . . to habeas petitions challenging physical custody.'" *United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008) (quoting *Padilla*, 542 U.S. at 436). A court "properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian." *Poole*, 531 F.3d at 271.

The Supreme Court and the Fourth Circuit, however, have further explained this general rule. Relevant to this matter, the Supreme Court has opined that, "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. at 441. The Fourth Circuit applied this principle in *Lennear v. Wilson*, 937 F.3d 257 (4th Cir. 2019), which was an appeal of a § 2241 habeas decision concerning due process in a prison disciplinary determination.

In *Lennear*, the Fourth Circuit said, *id*. at 263 n.1 (some citations omitted):

> When Petitioner filed his habeas petition, he was housed at the Federal Correctional Complex in Petersburg, Virginia ("FCC Petersburg"), which lies within the jurisdiction of the United States District Court for the Eastern District of Virginia. The Bureau of Prisons subsequently transferred Petitioner to the low-security Federal Correctional Institution Seagoville, in Texas, and then to Federal Correctional Institution Jesup, in Georgia, where Petitioner remains housed. . . . When the "Government moves a habeas petitioner after [he] properly files a petition

5

naming [his] immediate custodian, the District Court [where the petitioner filed a petition] retains jurisdiction." [*Padilla*, 542 U.S. at 441].

District courts in this circuit have concluded from *Lennear* and *Padilla* that once jurisdiction over a § 2241 petition is obtained, most petitions properly remain before that district court even upon transfer of the petitioner.  *See Bradford v. Bell*, No. CV-TDC-20-0525, 2023 WL 349516, at *2 (D. Md. Jan. 20, 2023) ("In a § 2241 action, jurisdiction is determined at the time the action is filed."); *Cherfils v. Dunbar*, No. 8:22-CV-03241-JD-JDA, 2023 WL 6164353, at *4 n.4 (D.S.C. July 27, 2023) (finding that, "[i]n light of *Lennear*, . . . because Petitioner initially filed his action in this District, where he was confined at the time, and named his immediate custodian [ ] as the Respondent" the court had jurisdiction), *report and recommendation adopted*, No. 8:22-CV-3241-JD-JDA, 2023 WL 6161994 (D.S.C. Sept. 21, 2023); *Feather-Gorbey v. Warden, Beckley FCI*, No. 5:22-CV-00138, 2022 WL 2376240, at *1 (S.D.W. Va. June 30, 2022) ("Transfer does not prevent the Court's adjudication of these claims so long as the Court had jurisdiction over Petitioner's immediate custodian at the time of filing."), *appeal dismissed sub nom. Owlfeather-Gorbey v. Warden, FCI Beckley*, No. 22-6879, 2023 WL 5842303 (4th Cir. Sept. 11, 2023); *Richmond v. Barnes*, No. 6:20-CV-00152-DCC, 2021 WL 1124874, at *1 n.1 (D.S.C. Mar. 24, 2021) ("[T]his action was properly brought in this Court because Petitioner was housed in South Carolina at the time he filed the Petition."); *Hunt v. Rickard*, No. CV 1:18-01371, 2021 WL 932035, at *10 (S.D.W. Va. Mar. 11, 2021) ("This court retains the jurisdiction that attached when petitioner filed this case as a prisoner incarcerated within this district.").

*Lennear* is binding in this Circuit.  Accordingly, the Court determines that jurisdiction over the § 2241 Petition attached here.  Therefore, the location of Petitioner's current supervised release does not affect the Court's ability to decide this matter.

### B.  Mootness

The next question is whether this matter continues to present a live case or controversy now that Petitioner has been released from prison.  *Leonard*, 804 F.2d at 842.  Respondent did not have reason to address the issue:  her response to the petition was submitted prior to Petitioner's release.  But, "questions of subject matter jurisdiction . . . may (or, more precisely, must) be raised *sua sponte* by the court."  *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" . . . .'"  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478 (1982)).  "[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).

A petition under § 2241 is not rendered moot simply because a petitioner is released from incarceration.  "A case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever to the prevailing party."  *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)) (emphasis added in *Ketter*; internal quotation marks omitted).  If the matter is moot, "the mootness, however it may have come about," would deprive this Court of its "power to act."  *Spencer*, 523 U.S. at 18.

Petitioner, at the time he filed his Petition, was seeking to advance the date of his release.  Petitioner was seeking relief that would impact the length of his term of incarceration.  Yet, as of November 28, 2023, that "remedy [would] have no such effect," because Petitioner was released from incarceration.  *Francis v. Maloney*, 798 F.3d 33, 37 (1st Cir. 2015) (evaluating the petitioner's

7

post-release habeas claim as: 1) "a retroactive challenge to the execution of an incarcerative sentence," and 2) as "a protest to the execution of [the] supervised release term"; finding relief unavailable and affirming the district court's dismissal of the petition); *see Jones v. Bolster*, 850 F. App'x 839 (4th Cir. 2021) (unpublished) (finding a petitioner's request for immediate release and restoration of good time credits moot after his release from incarceration). Consequently, the Petition became moot on November 28, 2023, when petitioner was released from prison. Consequently, the Petition became moot on November 28, 2023, when petitioner was released from prison.

Alternatively, if the Court evaluates the Petition, not as a request to amend the end date of Petitioner's incarceration but as a request to backdate the start of his supervised release, *Francis*, 798 F.3d at 38, relief still could not be granted by this Court. "The Supreme Court has held that when a defendant's term of incarceration is partially vacated, the overserved time does not shorten his term of supervision." *United States v. Jackson*, 952 F.3d 492, 498 (4th Cir. 2020) (citing *United States v. Johnson*, 529 U.S. 53, 54 (2000)).

Assuming, *arguendo*, that the Petition is meritorious, this Court still would be unable to alter Petitioner's supervised release. "Even if a defendant's term of imprisonment should have ended sooner than it did, his term of supervised release does not begin until he is released from custody." *Jackson*, 952 F.3d at 498.

In *Johnson*, 529 U.S. at 60 (emphasis added), the Supreme Court described how a petitioner might be afforded relief under such circumstances:

> There can be no doubt that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term. The statutory structure provides a means to address these concerns in large part. **The trial court, as it sees fit, may modify an individual's conditions of supervised release. [18 U.S.C.] § 3583(e)(2). Furthermore, the court may terminate an individual's supervised release obligations "at any time after the**

8

> **expiration of one year** . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." [18 U.S.C.] § 3583(e)(1).

Some circuits have held that a district court may issue a declaratory judgment if it determines that a § 2241 petition is meritorious but no other relief can be granted. *See Rhodes v. Judiscak*, 676 F.3d 931, 934 (10th Cir. 2012) (discussing the circuit split on issuance of a declaratory judgment in a § 2241 action when a petitioner has overserved a sentence but cannot be granted other relief). Another court has said: "The prospect that [the court's] resolution" of a § 2241 petition "will influence the [trial] court to exercise its discretion to terminate [the] supervised release under § 3583(e)(1) is so speculative that any decision on the merits would be merely advisory . . ." *United States v. Bundy*, 391 F. App'x 886, 887 (D.C. Cir. 2010); *see Burkey v. Marberry,* 556 F.3d 142, 149 (3d Cir. 2009); *see also Spencer*, 523 U.S. at 14–15; *United States v. Blackburn,* 461 F.3d 259, 262 (2d Cir. 2006).

In this matter, Petitioner has not yet served a year of supervised release, so he is not eligible for termination under § 3583(e)(1), even if the trial court in the Western District of North Carolina were otherwise inclined to terminate his supervision. Further, termination of supervised release involves consideration of many factors, of which an alleged overservice of a sentence would be only one. For these reasons, a declaratory judgment is not appropriate.

In sum, the grant of *Willis* credit would have no effect on Petitioner's time of incarceration at this point, even if his Petition were meritorious. And, supervised release can only be shortened to offset an overserved term of incarceration at the discretion of the trial court, not through a § 2241 petition. No effective relief can be granted, even if the Court reached the merits of the claim and found that the Petition should be granted.

## III.  CONCLUSION

For the reasons set forth above, I shall dismiss the Petition, as moot.[3]  A separate Order follows.

Date:  January 22, 2024

/s/
Ellen L. Hollander
United States District Judge

---

[3] Petitioner's failure to inform the Court of his change of address constitutes a separate ground to enter an order dismissing the action.